FILED
2005 Dec-30 AM 09:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **TUDOR INSURANCE COMPANY,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**PROFESSIONAL CONSULTANTS, INC.,** )<br>**BARBARA LOCKE, as dependent widow of** )<br>**EARL LOCKE, deceased, PAUL CORDELL,** )<br>**GARY TUCKER, REVELAND WEIR, as** )<br>**dependent widow of MELVIN TRUMAN** )<br>**WEIR, deceased, and CLIFTON JOHNSON,** )<br>)<br>**Defendants.** ) | CV- _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**I. JURISDICTION.**

1.      Plaintiff Tudor Insurance Company (hereinafter "Tudor"), is an insurance company incorporated in the State of New Hampshire with its principal place of business in the State of New Jersey.  Therefore, Tudor is a citizen of the State of New Hampshire and the State of New Jersey.

2.      Defendant Professional Consultants, Inc., upon information and belief, is a corporation incorporated in Walker County, Alabama with its principal place of business in Townley, Alabama.  Accordingly, Professional Consultants, Inc. is a citizen of the State of Alabama.

3.      Defendant Barbara Locke, upon information and belief, is a citizen of the State of Alabama.

4.     Defendant Paul Cordell, upon information and belief, is a citizen of the State of Alabama.

5.     Defendant Gary Tucker, upon information and belief, is a citizen of the State of Alabama.

6.     Defendant Reveland Weir, upon information and belief, is a citizen of the State of Alabama.

7.     Defendant Clifton Johnson, upon information and belief, is a citizen of the State of Alabama.

8.     This action is a matter of which the United States District Court has jurisdiction in that the controversy is wholly between citizens of different states. Jurisdiction is based upon complete diversity of citizenship and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs in compliance with 28 U.S.C. § 1332. This action is further based upon 28 U.S.C. § 2201 which provides that this Court, upon the filing of an appropriate pleading, may declare the rights and legal relations of any interested party seeking such a declaration.

9.     This declaratory judgment action arises out of lawsuits styled <u>Barbara Locke v. Professional Consultants, Inc., et al.</u>, CV-04-32, <u>Paul Cordell v. Professional Consultants, Inc., et al.</u>, CV-04-31, <u>Gary Tucker v. Professional Consultants, Inc., et al.</u>, CV-04-33, <u>Reveland Weir v. Professional Consultants, Inc., et al.</u>, CV-04-30, and <u>Clifton Johnson v. Professional Consultants, Inc., et al.</u>, CV-04-6, all pending in the Circuit Court of Fayette County, Alabama.

10. Tudor seeks a declaration from this Court that it has no duty to defend and/or indemnify Professional Consultants, Inc. with respect to the claims filed by Barbara Locke, Paul Cordell, Gary Tucker, Reveland Weir, and/or Clifton Johnson in the Circuit Court of Fayette County, Alabama. Such coverage issues should be determined by this Court in order to determine the rights and liabilities of the parties.

## II.  FACTS.

11. Plaintiff Tudor issued an Errors and Omissions Liability Policy of insurance to Professional Consultants, Inc., Policy No.: EOP 0026221 for a policy period of January 31, 2005 to January 31, 2006. (A true and correct copy of the policy is attached hereto as Ex. 1).

12. The declarations page of the policy provides that the profession of the insured is "solely in the performance of providing OSHA compliance consultant services for others for a fee." The bottom of the declarations page provides as follows:

> The declarations page and endorsements and/or forms listed above and attached hereto together with the completed and signed application shall constitute the contract between the Insured and the Company. Furthermore, coverage provided hereunder is specifically limited to the Insured's profession, as shown in Item 3.

Ex. 1.

13. The first page of the insuring agreement provides: "THIS IS A CLAIMS MADE POLICY PLEASE READ CAREFULLY." Ex. 1.

14. The policy then provides:

IN CONSIDERATION of the payment of the premium and deductible by the Insured and in reliance upon the statements in the Insured's application, attached hereto and made a part hereof, subject to the limits of liability set forth in the Declarations as well as all of the terms, conditions and exclusions of this policy, the Company agrees with the Insured as follows:

**I.    INSURING AGREEMENTS**

**A.    COVERAGE: CLAIMS MADE CLAUSE**

The Company will pay on behalf of the Insured all sums in excess of the deductible that the Insured shall become legally obligated to pay as damages because of claims first made against the Insured and reported to the Company during the policy period. This policy applies to actual or negligent acts, errors or omissions arising solely out of professional services rendered for others as designated in Item 3 of the Declarations.

For this coverage to apply, all of the following conditions must be satisfied:

1. the negligent act, error or omission arising from professional services took place subsequent to the Retroactive Date stated in item 7. of the Declarations;

2. the Insured had no knowledge prior to the effective date of this policy of such actual or alleged negligent act, error, omission or circumstance likely to give rise to a claim;

3. claim is first made against the Insured and reported to the Company during the policy period.

**B.    DEFENSE, SETTLEMENT**

With respect to the Insurance afforded by this policy, the Company shall defend any claim or suit against the Insured seeking compensatory money damages to which this insurance applies, even if any of the allegations of the suit are groundless, false or fraudulent. It is agreed that the Company may make such investigation and settlement of any claim or suit as it

>deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend or continue to defend any claim or suit after the limit of liability has been exhausted by payment of judgments, settlements or claims expenses.
>
>Claims expenses shall be paid by the Company and such payments may reduce the available limit of liability.  The Insured must first pay any applicable deductible amounts.

Ex. 1.

15. Under definitions, "claims expenses" is defined as:

>The term 'claims expenses' shall mean any and all costs, charges, fees and/or expenses incurred by the Company in investigating, defending, negotiating and/or otherwise attending to a claim or any litigation arising therefrom, provided however that 'claims expenses' does not include salary charges or expenses of regular employees or officials of the Company, or fees and expenses of independent adjusters.

Ex. 1.

16. "Loss" is defined as "damages, judgments, and claims expenses." Ex. 1.

17. The policy provides that the coverage provided shall not apply to any loss in connection with or arising out of or in any way involving:

>A. Bodily injury, sickness, disease, death or emotional distress of any person or for damages to or destruction of any tangible or intangible property including the loss of use thereof.

Ex. 1.

18. The policy also provides that the coverage provided shall not apply to any loss in connection with or arising out of or in any way involving:

>D. Punitive of exemplary damages, fines or penalties.

Ex. 1.

19. Endorsement # 5 to the policy, titled "Consultants" provides as follows:

> In consideration of the payment of the premium, it is hereby understood and agreed that the term Consulting, as set forth in Item 3 of the Declarations, shall mean the performance of services directed towards analyzing management and operating problems associated with the goals, objectives, policies, strategies, administrations, organizations and the principal functional or operating areas of the various institutions of society, to recommend practical solutions to these problems and to help to implement them when necessary but said services shall not include the actual performance of such recommended solutions.
>
> It is further understood and agreed that coverage provided in this policy does not apply to any claim in connection with or arising out of:
>
> A.  The performance of or failure to perform (I) services requiring a licensed or certified architect, engineer, lawyer or accountant (ii) services in which any Insured makes any representation as a licensed or certified architect, engineer, lawyer or accountant.
>
> B.  The design, fabrication or supervision of the manufacture or construction of any product or structure.
>
> C.  The practice of law.
>
> D.  The expression of an opinion as to the conformity of any financial statements to generally accepted accounting principles.
>
> E.  The preparation of any tax returns.
>
> F.  Any investment advice or counseling.
>
> G.  The gaining in fact of any personal profit or advantage to which the Insured is not legally entitled or out of any disputes involved the Insured's fees or charges.
>
> H.  The operation of any data processing equipment on behalf of a client except that this exclusion shall not apply to the use of data processing equipment which is incidental to the performance of Consulting services.

All other terms and conditions remain unchanged.

Ex. 1.

20. On or about March 18, 2004, Barbara Locke as the widow of Earl Locke, deceased, filed suit against International Refining & Manufacturing Company and others alleging the decedent worked for Arvin Meritor in Fayette County, Alabama through 2002, and that he was repeatedly exposed to chemicals and other toxins, engineered, designed, developed, configured, manufactured, assembled, distributed and/or sold by the Defendants. A true and correct copy of the Complaint is attached hereto as Ex. 2. Tudor's insured was added as a party defendant to the lawsuit in the Third Amendment to the Complaint. A true and correct copy of the Third Amendment to the Complaint is attached hereto as Ex. 3.

21. On or about March 18, 2004, Paul Cordell filed suit against International Refining & Manufacturing Company and others alleging he worked for Arvin Meritor in Fayette County, Alabama through May 2002, and that he was repeatedly exposed to chemicals and other toxins, engineered, designed, developed, configured, manufactured, assembled, distributed and/or sold by the Defendants. A true and correct copy of the Complaint is attached hereto as Ex. 4. Tudor's insured was added as a party defendant to the lawsuit in the Third Amendment to the Complaint. A true and correct copy of the Third Amendment to the Complaint is attached hereto as Ex. 5.

22. On or about March 18, 2004, Reveland Weir, as the widow of Melvin Truman Weir, filed suit against International Refining & Manufacturing Company

and others alleging the decedent worked for Arvin Meritor in Fayette County, Alabama through 2002, during which time he handled, used and/or was exposed to chemicals and other toxins, engineered, designed, developed, configured, manufactured, assembled, distributed and/or sold by the Defendants.  A true and correct copy of the Complaint is attached hereto as Ex. 6.  Tudor's insured was added as a party defendant to the lawsuit in the Third Amendment to the Complaint.  A true and correct copy of the Third Amendment to the Complaint is attached hereto as Ex. 7.

23.     On March 18, 2004, Gary Tucker filed suit against International Refining & Manufacturing Company and others alleging he worked for Arvin Meritor in Fayette County, Alabama through May 2002, and that he was repeatedly exposed to chemicals and other toxins, engineered, designed, developed, configured, manufactured, assembled, distributed and/or sold by the Defendants.  A true and correct copy of the Complaint is attached hereto as Ex. 8.  Tudor's insured was added as a party defendant to the lawsuit in the Third Amendment to the Complaint.  A true and correct copy of the Third Amendment to the Complaint is attached hereto as Ex. 9.

24.     On January 30, 2004, Clifton Johnson filed suit against International Refining & Manufacturing Company and others alleging he began working for Arvin Meritor in Fayette County, Alabama in 1967, and that he was repeatedly exposed to chemicals and other toxins, engineered, designed, developed, configured, manufactured, assembled, distributed and/or sold by the Defendants.  A true and

correct copy of the Complaint is attached hereto as Ex. 10.  Tudor's insured was added as a party defendant to the lawsuit in the Fourth Amendment to the Complaint.  A true and correct copy of the Fourth Amendment to the Complaint is attached hereto as Ex. 11.

25.   Locke, Cordell, Weir, Tucker and Johnson allege Tudor's insured, Professional Consultants, Inc., was engaged in the business of suggesting, recommending, designing, developing, manufacturing, selling, distributing, installing, servicing, repairing, altering, modifying, testing, approving, and/or consulting regarding the design, engineering, manufacture, distribution of warnings for chemicals and other toxins which allegedly caused injury or death to the underlying plaintiff or underlying plaintiff's decedent.  Locke, Cordell, Weir, Tucker and Johnson allege Tudor's insured, Professional Consultants, Inc., negligently or wantonly and/or wrongfully performed or failed to perform safety inspections with regard to the chemicals and other toxins used by the underlying plaintiff or plaintiff's decedent.  Locke, Cordell, Weir, Tucker and Johnson also contend Tudor's insured, Professional Consultants, Inc., was negligent and/or wanton and/or wrongfully provided information or input for use in a safety consideration or recommendation regarding the chemicals and other toxins used in the manufacturing process by the plaintiff's or plaintiff's decedent's employer.

26.   The underlying plaintiffs seek compensatory and punitive damages for personal injuries allegedly incurred by them, or for wrongful death against Tudor's insured.  Specifically, they contend they or their decedents were caused to develop

cancer, incur substantial medical expenses, suffer physical pain and mental anguish, lost wages or were caused to die.

### III.  CAUSES OF ACTION.

27.   Tudor contends there is an actual controversy as to whether it has a duty to defend and/or indemnify Professional Consultants, Inc. with respect to the claims alleged in the underlying lawsuits.

28.   Tudor seeks a declaration from this Court that pursuant to the terms and provisions of its insurance policy, it has no duty to defend and/or indemnify Professional Consultants, Inc. in the underlying lawsuits.

29.   Tudor additionally seeks a declaration from this Court that Defendants Barbara Locke, Paul Cordell, Gary Tucker, Reveland Weir, and Clifton Johnson are bound by this Court's decision regarding the relief sought against Defendant Professional Consultants, Inc.

### IV.  PRAYER FOR RELIEF.

30.   Plaintiff requests that this Court take jurisdiction over this matter and to further enter a declaration as to the respective rights and obligations of the parties relative to the underlying lawsuit.

31.   Tudor seeks other and further relief as may be deemed appropriate and possible under the circumstances.

\Mark W. Lee
MARK W. LEE


\Dorothy A. Powell
DOROTHY A. POWELL


**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
Post Office Box 530630
Birmingham, AL  35253-0630
(205) 326-6600

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT**:

Professional Consultants, Inc.
300 Patton Hill Road
Townley, AL 35587

Barbara Locke
c/o Kent M. McCain
Lucas, Walsh, Petway, Tucker & Stepens
Two Chase Corporate Dr., Suite 460
Birmingham, AL 35244

Paul Cordell
c/o Kent M. McCain
Lucas, Walsh, Petway, Tucker & Stepens
Two Chase Corporate Dr., Suite 460
Birmingham, AL 35244

Gary Tucker
c/o Kent M. McCain
Lucas, Walsh, Petway, Tucker & Stepens
Two Chase Corporate Dr., Suite 460
Birmingham, AL 35244

Reveland Weir
c/o Kent M. McCain
Lucas, Walsh, Petway, Tucker & Stepens
Two Chase Corporate Dr., Suite 460
Birmingham, AL 35244

Clifton Johnson
c/o Kent M. McCain
Lucas, Walsh, Petway, Tucker & Stepens
Two Chase Corporate Dr., Suite 460
Birmingham, AL 35244